IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES DENMARK-WAGNER,

        Petitioner,

        v.                                CASE NO. 20-3087-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

        Respondent.

## ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court concludes that a limited Pre-Answer Response ("PAR") is appropriate. *See Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file such a response limited to addressing whether or not Petitioner has a properly-filed petition for habeas corpus pending in state court and whether his state criminal case is still pending.

**Background**

Petitioner was charged in Pratt County District Court. *See State v. Denmark-Wagner*, Case No. 2008-CR-366, filed December 22, 2008 (Pratt County District Court). Petitioner entered into a written plea agreement on February 25, 2009. *See State v. Denmark-Wagner*, 292 Kan. 870, 258 P.3d 960 (2011). After entering a plea of guilty to felony first degree murder, Petitioner moved to withdraw his guilty plea on March 9, 2009, before sentencing. *Id*. at 873. At the hearing on the motion to withdraw two days later, the district court denied the motion and immediately sentenced Petitioner to life in prison with a minimum sentence of 20 years. *Id*. at 875. Petitioner was also sentenced to lifetime postrelease supervision and ordered to register

under the Kansas Offender Registration Act for his lifetime.  *Id.*  On March 17, 2009, Petitioner appealed the denial of his motion to withdraw his guilty plea and challenged his sentence to lifetime postrelease and lifetime registration as a violent offender.  On August 12, 2011, the Kansas Supreme Court upheld the denial of his motion to withdraw his plea.  The Kansas Supreme Court found that Petitioner should have been sentenced to register as an offender for a period of 10 years, not life.  *Id.* at 884.  The court affirmed Petitioner's conviction of first-degree felony murder, vacated the lifetime postrelease and offender registration portions of his sentence, and remanded to the district court for resentencing to correct the offender registration period.  *Id.* Petitioner was resentenced on November 14, 2011.  *See* Case No. 2008-CR-366, at Doc. 95.

Petitioner filed a *pro se* K.S.A. 60-1507 petition on February 3, 2012, claiming ineffective assistance of counsel.  *Denmark-Wagner v. State*, Case No. 2012-CV-9, filed February 3, 2012 (Pratt County District Court).   After an evidentiary hearing on October 17, 2013, the district court denied his motion and filed its memorandum opinion on July 7, 2016.  *Id.* at Doc. 155.  Petitioner appealed on July 12, 2016, and the Kansas Supreme Court affirmed the district court on September 15, 2017.  *Denmark-Wagner v. State*, No. 116,516, 401 P.3d 687 (Table), 2017 WL 4082294 (Kan. Sept. 15, 2017), *rev. den.* April 26, 2018.

Petitioner filed his current Petition for writ of habeas corpus on March 23, 2020.  In his Petition, he states:

> I attempted to file another 60-1507 with the Pratt county district court.  [I] was waiting for a response saying my motion has been filed and never received one.  I then contacted the clerk and was told that they are not supposed to file it and that [I] need to get with the appellate court.  That is an error because a new 60-1507 has to start at the district court level.  That was within a year from when [I] filed it in April of 2019.

(Doc. 1, at 13.)   An online District Court Records search shows that Petitioner filed a state

petition for habeas corpus on May 21, 2019, and shows the status of the case as "appeal." *See* Case No. 2008-CR-366.

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.").  If Petitioner's state criminal case is pending on appeal or if he has a state habeas petition pending, the Court will direct him to show good cause why his Petition should not be dismissed without prejudice to refiling after his state proceedings are resolved. The Court cannot determine from the state court records whether or not Petitioner has a properly-filed petition for habeas corpus currently pending in state court or whether his state criminal case is on appeal.  Respondent is directed to respond to this limited issue.

**IT IS THEREFORE ORDERED THAT** Respondent is granted to and including **May 26, 2020**, to file a Pre-Answer Response that complies with this Order.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **June 26, 2020**, to file a reply.

The Clerk of the Court shall transmit copies of this Order to the Petitioner and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated April 24, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**

3