IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES DENMARK-WAGNER,

    Petitioner,

    v.                                                             CASE NO. 20-3087-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and directed Respondent to file a pre-answer response limited to addressing whether or not Petitioner has a properly-filed petition for habeas corpus pending in state court and whether his state criminal case is still pending. (Doc. 2.) Respondent filed a Response (Doc. 5), and Petitioner failed to file a reply by the Court's deadline.

**Background**

Petitioner was charged in Pratt County District Court. *See State v. Denmark-Wagner*, Case No. 2008-CR-366, filed December 22, 2008 (Pratt County District Court). After entering a plea of guilty to felony first degree murder, Petitioner moved to withdraw his guilty plea on March 9, 2009, before sentencing. *State v. Denmark-Wagner*, 292 Kan. 870, 873, 258 P.3d 960 (2011). At the hearing on the motion to withdraw two days later, the district court denied the motion and immediately sentenced Petitioner to life in prison with a minimum sentence of 20 years. *Id.* at 875. Petitioner was also sentenced to lifetime postrelease supervision and ordered to register under the Kansas Offender Registration Act for his lifetime. *Id.* On March 17, 2009,

Petitioner appealed the denial of his motion to withdraw his guilty plea and challenged his sentence to lifetime postrelease and lifetime registration as a violent offender. On August 12, 2011, the Kansas Supreme Court upheld the denial of his motion to withdraw his plea. The Kansas Supreme Court found that Petitioner should have been sentenced to register as an offender for a period of 10 years, not life. *Id*. at 884. The court affirmed Petitioner's conviction of first-degree felony murder, vacated the lifetime postrelease and offender registration portions of his sentence, and remanded to the district court for resentencing to correct the offender registration period. *Id*. Petitioner was resentenced on November 14, 2011. *See* Case No. 2008-CR-366, at Doc. 95.

Petitioner filed a *pro se* K.S.A. 60-1507 motion on February 3, 2012, claiming ineffective assistance of counsel. *Denmark-Wagner v. State*, Case No. 2012-CV-9, filed February 3, 2012 (Pratt County District Court). After an evidentiary hearing on October 17, 2013, the district court denied his motion and filed its memorandum opinion on July 7, 2016. *Id*. at Doc. 155. Petitioner appealed on July 12, 2016, and the Kansas Court of Appeals affirmed the district court on September 15, 2017. *Denmark-Wagner v. State*, No. 116,516, 401 P.3d 687 (Table), 2017 WL 4082294 (Kan. Ct. App. Sept. 15, 2017), *rev. den.* April 26, 2018.

Petitioner filed his current Petition for writ of habeas corpus on March 23, 2020. In his Petition, he states:

> I attempted to file another 60-1507 with the Pratt county district court. [I] was waiting for a response saying my motion has been filed and never received one. I then contacted the clerk and was told that they are not supposed to file it and that [I] need to get with the appellate court. That is an error because a new 60-1507 has to start at the district court level. That was within a year from when [I] filed it in April of 2019.

(Doc. 1, at 13.) An online District Court Records search shows that Petitioner attempted to file a

2

state petition for habeas corpus on May 21, 2019.  *See* Case No. 2008-CR-366.

The Court could not determine from the state court records whether or not Petitioner had a properly-filed petition for habeas corpus currently pending in state court or whether his state criminal case was on appeal.  The Court directed Respondent to respond to this limited issue.  Respondent has responded and asserts that the district court did not treat this motion as properly filed. (Doc. 5, at 3.)  Respondent states that:

> For reasons that are not clear, the Pratt County District Court deemed Petitioner's second motion as not properly filed and took no action on it. This may be because, under Kansas Supreme Court Rule 183(d), a district court generally may not consider a second or successive K.S.A. 60-1507 motion.  Certainly, the claims raised by Petitioner in his second motion—ineffective assistance of counsel—would be barred under this rule and the doctrine of *res judicata*, as he raised claims of ineffective assistance of counsel in his first K.S.A. 60-1507 motion. But again, it is not clear why the district court deemed it not properly filed.
>
> Nonetheless, even though the court considered Petitioner's second motion as not properly filed, Petitioner might, arguably, be able to revive it because it was not definitively ruled upon. Ordinarily, this would raise issues of exhaustion and federal-state comity under which this Court could properly dismiss Petitioner's federal habeas petition without prejudice. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964)**.** However, Respondents submit that this Court should instead dismiss Petitioner's federal habeas petition with prejudice as time-barred, because Petitioner's attempted filing of a second K.S.A. 60-1507 motion occurred after the expiration of the federal statute of limitations.
>
> As noted, Petitioner's federal statute of limitations expired either on October 1, 2018, or on April 26, 2019. Petitioner's second K.S.A. 60-1507 motion was filed stamped on May 21, 2019. Thus, his second motion, whether properly filed or not, would have had no tolling effect on the statute of limitations under 28 U.S.C. § 2244(d)(2) because the limitations period had already expired, and any further state court proceedings that might be had are essentially irrelevant for federal habeas purposes.

(Doc. 5, at 6–7.)

Petitioner has not filed a reply and the deadline for filing one has passed.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d).  Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court

4

after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518,

536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

The Kansas Supreme Court denied review on Petitioner's first K.S.A. 60-1507 motion on April 26, 2018. Even if the Court does not count any days running before that date, the limitations period would still run prior to Petitioner's attempt at filing a second motion on May 21, 2019. Thus, even if the second motion had been "properly filed," the statute of limitations had already run by that date.

According to Petitioner's declaration at the end of his federal habeas petition, he placed his federal habeas petition in the prison mail system on March 3, 2020, effectively filing it on that date. *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). This was well beyond the expiration of the statute of limitations imposed by 28 U.S.C. § 2244(d).

**IT IS THEREFORE ORDERED THAT** the Petition is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated December 9, 2020, in Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**